IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-2669-K-BT |
| | § | |
| 45TH PRESIDENT OF THE UNITED STATES, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Texas prisoner Kevin James Manning filed a largely nonsensical document that the Court has construed as a civil complaint. ECF No. 3. He claims that he has spent months with Donald J. Trump watching people "under investigation duck and build things." *Id*. at 1. He claims that his father is building a NASCAR-ready vehicle. *Id*. He requests that "officers of this planet" take a "smoother approach" and investigate "what they are ducking and whose software are they [sic] using." *Id*. The Court should dismiss Manning's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) and warn him that he may be sanctioned if he persists in filing frivolous cases.

**Legal Standards and Analysis**

Because Manning did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis* (IFP). *See, e.g.*, *Cole v. Off. of Clerk*, 2021 WL 3024857 (N.D. Tex. June 8, 2021), *rec. accepted* 2021 WL 3023394 (N.D. Tex. July

16, 2021). Thus, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

     A review of Manning's complaint shows that it is frivolous. His allegations are fanciful, fantastic, irrational, wholly incredible, and delusional. Accordingly, his complaint should be dismissed with prejudice.

**Sanction Warning**

Manning is a vexatious litigant. Since 2023, he has filed at least 11 cases in this District, many of which have been dismissed as frivolous. *See*, *e.g.*, *Manning v. Church*, 3:23-cv-1209-E-BT (N.D. Tex. Feb. 2, 2024) (case dismissed as frivolous); *Manning v. Kaufman Constables Off.*, 3:23-cv-2064-G-BK (N.D. Tex. Nov. 30, 2023) (dismissing some claims for improper venue and the rest as frivolous and for failure to state a claim); *Manning v. Kaufman County Sheriff's Off.*, 3:23-cv-2272-B-BN (N.D. Tex. Oct. 19, 2023) (case dismissed as frivolous); *Manning v. United States Gov't*, 3:24-cv-2078-N-BK (N.D. Tex. Oct. 15, 2024) (case dismissed as frivolous).

Given Manning's vexatious filing history, he should be warned that if he persists in filing frivolous cases, the Court may impose monetary sanctions, bar him from bringing any new cases, or subject him to other sanctions the Court deems appropriate. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants "have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and

3

appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

## Recommendation

The Court should dismiss this case as frivolous under 28 U.S.C. § 1915(e)(2)(B) and warn Manning that, if he persists in filing frivolous actions, the Court may impose monetary sanctions, bar him from bringing any new action, or subject him to other sanctions the Court deems appropriate.

SO RECOMMENDED.

November 1, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).